# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 11CR4522-LAB |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2)** |
| vs. | |
| DORIAN FOWLER, | |
| Defendant. | |

In January 2012, a jury convicted Dorian Fowler of importing 12 pounds of cocaine into the United States, and this Court sentenced him to 180 months in prison. He's now filed a motion under 18 U.S.C. § 3582(c)(2) asking the Court to reduce his sentence to 168 months.

Ordinarily, a court can't change a sentence after it has been imposed. But 18 U.S.C. § 3582(c)(2) creates an exception when a defendant was sentenced based on a sentencing range that is subsequently lowered by an amendment to the United States Sentencing Guidelines ("USSG" or "Guidelines"). That's what happened here. The Court originally sentenced Mr. Fowler on July 9, 2012, relying on the Guidelines then in effect. About two years later, the U.S. Sentencing Commission approved Amendment 782 to the Guidelines, which lowered the sentencing ranges by 2 levels for most drug offenses – including Mr. Fowler's offense. The Commission also voted to make the changes retroactive, which means that Mr. Fowler can seek a reduction of his original sentence if he is eligible.

| | | |
|---|---|---:|
| 1 | The Court originally calculated Mr. Fowler's Guidelines as follows: | |
| 2 | Base Level: | **32** |
| 3 | Variance Based on Age; Nature of Criminal Record (§§ 5H1.1 and 5H1.8); Mental | |
| 4 | Health History (§ 5H1.4); and Family Equities (§ 5H1.6): | **-30 months** |

His Adjusted Offense Level was 32, and with a Criminal History Category of VI, his advisory Guideline range was 210-262 months. Finding that that Guideline range was too long, the Court departed 30 months from the low end of the range, imposing a sentence of 180 months.

Under the amended Guidelines, Mr. Fowler receives a 2-point reduction from his original Base Offense Level, making his starting point level 30 rather than 32. But, as mentioned, the 30-month variance the Court granted must be backed out of the amended Guidelines calculations:

Base Level: **30**

~~Variance Based on Over-Represented Criminal Record (§ 5H1.8); Mental Health History (§ 5H1.4); and Family Equities (§ 5H1.4; § 5H1.6; § 5H1.8)~~: **-30 months**

Mr. Fowler's Adjusted Offense Level is 30, his Criminal History Category remains at VI, and his sentencing range is 168-210 months. Because the low end of the new sentencing range – without regard to the variance the Court granted – is below the original 180 month sentence, the defendant is eligible for a reduction in his sentence.

But eligibility for a sentence reduction isn't the same as entitlement to one. Both USSG § 1B1.10(b)(2) and § 3582(c)(2) describe the court's prerogative to reduce a sentence in permissive terms (the court "may" reduce the sentence if the defendant is eligible), and the Supreme Court and the Ninth Circuit have characterized the decision as "discretionary." *See Dillon v. United States*, 560 U.S. 817, 827 (2010) (". . . § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, *in its discretion*, the reduction . . . is warranted in whole or in part . . .") (italics added); *United States v. Colson*, 573 F.3d 915, 915-16 (9th Cir. 2009) (referring to the district court's *discretionary* denial of the defendant's 18 U.S.C. § 3582(c)(2) motion). The question here is whether reducing the

defendant's sentence is equitable and warranted in consideration of the relevant § 3553(a) factors. *United States v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013). They include: the nature and circumstances of the offense, and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims.

**Analysis Under 18 U.S.C. § 3553(a)**

Before making this assessment, the Court reviewed Mr. Fowler's probation report, originally filed on April 2, 2012, and the transcript of his sentencing hearing on July 9, 2012.

Mr. Fowler was convicted of a serious narcotics offense involving a large quantity of a highly addictive drug. In aggravation, he had suffered a drug trafficking conviction approximately a year earlier involving his transportation of a prohibited drug (marijuana) in a car.

Before he was convicted in this case, Mr. Fowler accumulated a long criminal record consisting of felony and misdemeanor drug crimes, theft and forgery, assault, and spousal abuse. His record placed him in the highest Criminal History Category (VI), prompting the prosecutor to urge the Court to find that he was a Career Offender. The Court declined to throw the book at him, ruling that he wasn't a Career Offender and imposing a substantial variance of 30 months from the low end of his original advisory Sentencing Guideline range.

The Court's original sentence recognized that Mr. Fowler had equities, despite his long and continuous criminal record. However, a 30-month variance fully accounted for those equities, and no new circumstances have been presented to alter that conclusion. The Court's sentence was consistent with other sentences that it has imposed for similar crimes and similar offenders, and was proportionate to the seriousness of the offense. Finally, the Court notes that a 180-month sentence falls within the 168–210 month sentencing range that now applies under Mr. Fowler's amended Guidelines.

/ / /

1  Considering all of these factors against the reasons for the original sentence, the
2  Court concludes that no further reduction of the defendant's sentence is equitable or
3  warranted. The Motion is **DENIED**.
4  **IT IS SO ORDERED**.
5  DATED: November 3, 2016

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge