# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br>    vs.<br>DORIAN SHAREEF FOWLER,<br><br>                        Defendant. | CASE NO. 11cr3939-LAB-1 and 11cr4522-LAB-1<br><br>**ORDER DENYING MOTION TO RECUSE** |

Defendant Dorian Shareef Fowler has filed a motion for disqualification or recusal (the "Motion"). Recusal of federal judges is governed by 28 U.S.C. §§ 144 and 455. Under § 144, a party must show "personal bias or prejudice either against him or in favor of any adverse party . . . ." Under § 455(b), a judge must disqualify himself if any of certain specific conditions are met. "Under both statutes, recusal is appropriate where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (internal quotation marks and citation omitted). The Ninth Circuit has explained that judges should only recuse when there is good reason for doing so: "[A] judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Clemens v. U.S. Dist. Court for Cent. Dist. of California*, 428 F.3d 1175, 1179 (9th Cir. 2005) (citation and internal quotation marks omitted).

Fowler argues recusal is required because of the undersigned judge's lack of impartiality, "Predisposition to the Case," bias and prejudice. The only evidence Fowler cites is the Court's rulings on various issues.

Adverse rulings, even incorrect rulings, do not reasonably show bias or require recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994) (explaining that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); *Taylor v. Regents of Univ. of California*, 993 F.2d 710, 712–13 (9th Cir. 1993); *United States v. Gallagher*, 576 F.2d 1028, 1039 (3d Cir. 1978) ("incorrect rulings do not prove that a judge is biased or prejudiced"). Fowler's own belief that the Court is biased against him does not make recusal proper.

Finally, Fowler filed this motion in two different cases. Case 11cr3939 was dismissed in 2011 and that dismissal is final. As to that case, the motion is moot.

For these reasons, Fowler's motion for recusal or disqualification is **DENIED**.

**IT IS SO ORDERED**.

DATED: March 14, 2017

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge