# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br>  vs.<br>DORIAN SHAREEF FOWLER,<br><br>                     Defendant. | CASE NO. 11cr4522-LAB-1 and 16cv2831-LAB<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT** |

Petitioner Dorian Shareef Fowler was convicted at trial of one count of importing cocaine. After losing on appeal and collateral attack, he filed a petition under 28 U.S.C. § 2255, which was dated November 7, 2016. (Docket no. 82 in case 11cr4522.) Because Fowler's motion for sentence reduction under 18 U.S.C. § 3582 was pending, the Court did not rule on Fowler's § 2255 motion immediately. The Ninth Circuit's mandate issued on January 9, 2018. The Court then on January 19, 2018 denied Fowler's § 2255 petition as untimely.

Fowler has now filed a motion for relief from that judgment, arguing that because he filed a petition for *certiorari* which the Supreme Court denied on January 11, 2016, his § 2255 petition filed on November 17, 2016 was timely.

/ / /

/ / /

/ / /

What the Court's order said was:

> Defendant Dorian Shareef Fowler was convicted at trial of one count of importing cocaine. He took a direct appeal, which was denied on October 18, 2013, and the Ninth Circuit's mandate issued on November 13, 2013. He did not file a petition for writ of certiorari. Judgment therefore became final 90 days after October 18, 2013, on January 16, 2014. *See Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987); *United States v. Garcia*, 210 F.3d 1058, 1061 and n.6 (9th Cir. 2000).

(Docket no. 94 in case 11cr4522, at 1:16–21.)

This is slightly inaccurate. What it should have said was that Fowler did not file a <u>timely</u> *certiorari* petition. The Ninth Circuit denied his petition on October 18, 2013, so he had ninety days from that date (*i.e.*, until January 16, 2014) to file a *certiorari* petition. *See Garcia*, 210 F.3d at 1061 n.6 (citing Sup. Ct. R. 13.3) ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate.") He did not file a *certiorari* petition within that time, however. Instead, he waited until March 11, 2014 to file his petition,[1] which meant it was untimely by almost two months.[2]

In *United States v. Buckles*, 647 F.3d 883, 888–89 (9th Cir. 2011), the Ninth Circuit held that the Supreme Court's denial of an untimely *certiorari* petition does not create a new date on which a judgment of conviction becomes final. The fact that Fowler's petition was accepted by the clerk and denied without comment does not change anything. *See id*. at 889. *See also United States v. Wheaten,* 826 F.3d 843, 847–51 (5th Cir. 2016) ("[W]hen a federal defendant files an untimely certiorari petition seeking direct review of his conviction, and the Supreme Court gives no indication that it excused the untimeliness, the denial of the petition without comment does not affect finality for purposes of § 2255(f)(1)'s one-year limitations period.")

/ / /

---

[1] *See* Docket no. 40 in Ninth Circuit case 12-50315, *United States v. Fowler* (letter from U.S. Supreme Court clerk stating the petition for writ of *certiorari* was filed on March 11, 2014).

[2] Even if the 90 days were to run from the date of the mandate's issuance, November 13, 2013, Fowler's *certiorari* petition would still be untimely by about a month.

In other words, the Court's calculation of the date Fowler's conviction became final was correct, and his filing of an untimely *certiorari* petition does not change it. And, under *Buckles*, the one-year limitations period did not run from the date the Supreme Court denied Fowler's untimely petition. 647 F.3d at 888; *see also* 28 U.S.C. § 2255(f)(1) (one-year limitations period for § 2255 motions). Rather, it ran from the date Fowler's conviction became final, *i.e.*, January 16, 2014. *See Griffith*, 479 U.S. at 321 n.6; *Garcia*, 210 F.3d at 1061 and n.6. Because Fowler did not file his § 2255 petition within a year of that date, and because he is not entitled to equitable tolling, his petition is untimely.

The Court's January 19 order is **DEEMED AMENDED** to specify that Fowler did not file a <u>timely</u> petition for writ of certiorari. But this does not affect that order's conclusion and does not undermine its reasoning. Fowler's motion for relief from judgment is **DENIED**.

**IT IS SO ORDERED**.

DATED: February 22, 2018

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge