# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>　vs.<br>DORIAN SHAREEF FOWLER,<br><br>　　　　　Defendant. | CASE NO. 11cr4522-LAB-1 and 16cv2831-LAB<br><br>**ORDER DENYING SECOND MOTION FOR RELIEF FROM JUDGMENT** |

　　　　The Court denied Petitioner Dorian Shareef Fowler's motion under 28 U.S.C. § 2255 on January 19, finding all his claims untimely. The Court also found some of his claims lacked merit, while the remainder were defaulted.

　　　　Fowler then filed a motion for relief from judgment, apparently under Fed. R. Civ. P. 60(b), arguing that his claims were timely because of a *certiorari* petition he filed. The Court on February 23 denied relief, noting that he had filed his *certiorari* petition two months late, and holding that the filing of an untimely *certiorari* petition that was eventually denied did not delay the finality of his conviction or toll the limitations period for him to file his § 2255 motion. *See United States v. Buckles*, 647 F.3d 883, 888–89 (9th Cir. 2011).

　　　　Fowler has now filed a second motion for relief from judgment, arguing that the time limit should be tolled because the Supreme Court clerk did not inform him that his petition was filed late.

This is unavailing, for several reasons. First, neither the Supreme Court's clerk nor any other court staff are serving or can serve as Fowler's legal counsel. They are not obligated to warn him that his petition is untimely and likely to be denied for that reason, or alert him to statutes of limitations that may be passing. That is true for judges, *see Pliler v. Ford*, 542 U.S. 225, 231 (2004), and just as true for court staff. *See In re American Safety Indem. Co.*, 502 F.3d 70, 71–73 (2d Cir. 2007) (per curiam) (citing *Bowles v. Russell*, 551 U.S. 205 (2007)) (holding that litigants may not rely on judges or their staff to alert them to filing deadlines). Furthermore, the clerk would have had no reason to know Fowler would eventually want to file a § 2255 motion. At that point, even Fowler himself likely did not know.

Second, the Supreme Court is empowered to relax its own rule regarding filing deadlines. *See Bowles,* 551 U.S. at 211–12. The procedure in criminal cases in the Supreme Court is that the clerk's office accepts untimely petitions for docketing, then transmits them to the Court with a notice that they were filed late. *Buckles*, 647 F.3d at 889. The Court then can—but usually does not—consider the late-filed petition anyway. *Id*. The clerk, in other words, followed the correct procedure and allowed the Court to decide whether to entertain Fowler's late petition.

In any event, these late filings do not toll AEDPA's statute of limitations. *Id*. Finally, even if the limitations period could be tolled, it would not save Fowler's claims, which were denied for other reasons in addition to untimeliness.

Fowler's second motion for relief from judgment is **DENIED**. A certificate of appealability from this or earlier orders is also **DENIED**. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *United States v. Winkles*, 795 F.3d 1134, 1143 (9th Cir. 2015) (identifying standard for issuance of a certificate of appealability arising from the denial of a Fed. R. Civ. P. 60(b) motion in a § 2255 proceeding).

**IT IS SO ORDERED**.

DATED: April 4, 2018

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge